# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### LOUISVILLE DIVISION

**CIVIL ACTION NO. 3:14CV-00272-JHM**

**OLSEN MEDICAL, LLC**                                                                     **PLAINTIFF**

**V.**

**OR SPECIALISTS, INC. ET AL.**                                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendants, Surgeons Preference, LLC and Collin Back, to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [DN 1, Att. 36]. Fully briefed, this matter is ripe for decision.

## I. BACKGROUND

The current litigation stems from the terminated business relationship between OR Specialists (ORS) and Olsen Medical, LLC (Olsen). For approximately 11 years, ORS contractually agreed to sell and distribute Olsen products. Every contract between Olsen and ORS contained a forum selection clause in which the parties agreed that jurisdiction exists in the Kentucky courts.

On May 19, 2012, ORS elected to terminate the contract with Olsen. The contract contains a three year non-compete provision which survived the termination of the agreement. In May 2012, Olsen filed this action against ORS claiming a breach of the covenant not to compete. At some point later, ORS ceased doing business.

In February 2013, Surgeons Preference was formed as a Maryland limited liability company. It is owned by Erin Courtney and her husband, Mark Szczawinski. Erin Courtney is the daughter of Fred Back (hereinafter "Fred"), one of the former owners of ORS. Surgeons

1

Preference, like ORS, distributes medical devices and supplies to medical professionals, surgery centers and hospitals. Surgeons Preference does not conduct business in Kentucky. Defendant Collin Back, a Maryland resident, works for Surgeons Preference but has no ownership interest in the company.

In an Amended Complaint, the Plaintiff asserts claims against Surgeons Preference and Collin Back. Plaintiff's theory for damages against Surgeons Preference relies on the assertion that it is a mere continuation of co-defendant ORS. As such, Plaintiff claims that Surgeons Preference is bound not only by the non-compete clause, which allegedly has been violated, but, more importantly for purposes of this motion, it is bound by the forum selection clause contained in the contracts with ORS. As it relates to Collin Back, Plaintiff claims that he signed the 2008 and 2010 contracts in his personal capacity and is personally liable and subject to the forum selection clause.

## II. STANDARD OF REVIEW

The party asserting personal jurisdiction has the burden of showing such jurisdiction exists. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). Dismissal "[is] only proper if all of the specific facts . . . alleged collectively failed to state a *prima facie* case for jurisdiction." Id. at 1459. Personal jurisdiction is, "[a]n essential element of the jurisdiction of a district . . . court" and without personal jurisdiction the court is "powerless to proceed to an adjudication." Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937). A federal court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006). The district court's

exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the constitutional requirements of due process. Id.

If it is decided that Surgeons Preference and Back are bound by the contractual agreements between Olsen and ORS, this Court will have personal jurisdiction over the Defendants as a result of the forum selection clause located in the contracts. Where forum selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process. Burger King Corp. v. Rudzewics, 471 U.S. 462, 472 (1985). Furthermore, the contracts made with Olsen would clearly fall within the Kentucky long-arm statute enumerated in K.R.S. § 454.210(2)(a). The contracts would be within the Kentucky Supreme Court's interpretation of the above cited statute. Caesars Riverboat Casino, LLC v. Beach, 336 S.W.3d 51 (Ky. 2011).

At this point in the litigation, before trial, the court has three options for deciding a 12(b)(2) motion: "(1) the court can decide the motion upon the affidavits alone; (2) the court can permit discovery to decide the motion; or (3) the court can conduct an evidentiary hearing to resolve any factual disputes." Serras v. First Tennessee Bank Nat. Assn., 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2nd Cir. 1981)). When there is no evidentiary hearing, a plaintiff must only make a *prima facie* showing of jurisdiction and a court does not weigh the controverting assertions of the party seeking dismissal. CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261-62 (6th Cir. 1996). Furthermore, "[p]articularly where the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount proof which would, in effect, establish the validity of their claims and their right to the relief sought." Serras, 875 F.2d at 1215 (internal quotation omitted).

## III. DISCUSSION

The Defendants, Surgeons Preference and Back, move the Court to dismiss the Plaintiff's claim for lack of personal jurisdiction. In the alternative, the Defendants ask that the Court to order limited discovery or a preliminary evidentiary hearing concerning personal jurisdiction.

### A. Surgeons Preference

Surgeons Preference's motion to dismiss for lack of personal jurisdiction is denied at this stage of the litigation. A plaintiff must only make a *prima facie* case for personal jurisdiction against a defendant. CompuServe, 89 F.3d at 1261-62. Furthermore, when determining whether or not to grant a motion to dismiss for lack of personal jurisdiction, a court does not weigh the controverting assertions of the party seeking dismissal. Id.

Olsen's amended complaint alleges that Surgeons Preference is a mere continuation of ORS, and as a result, is bound by the contractual forum selection clause which grants this Court personal jurisdiction. The allegations include but are not limited to the following: (1) "Surgeons Preference has used ORS's employees, goodwill, equipment and information to conduct business, all without payment of any consideration to ORS or its owners;" (2) "was formed immediately before ORS ceased business operations and during the course of this litigation against ORS;" (3) "has been held out as a continuation of ORS;" (4) "continues to employ many of the same employees as ORS, some of whom are family members of one of ORS's owners."

It is not necessary for Olsen to prove these allegations to defend against a motion to dismiss for lack of personal jurisdiction. As stated in Serras, if the factual disputes related to jurisdiction facts are so intertwined with the merits of the case, the "trial court should not require plaintiffs to mount proof which would, in effect, establish the validity of their claims and their right to the relief sought." Serras, 875 F.2d at 1215 (internal citation omitted).

These factual disputes can be explored during discovery. The scheduling order should limit discovery initially to issues related to whether Surgeons Preference is the mere continuation of ORS. Once that discovery is complete, a renewed motion may be filed.

**B. Collin Back**

Olsen alleges that Collin Back executed the 2008 and 2010 contracts without authority. He argues that even if he did not have authority to execute the contracts on behalf of ORS, the company ratified the contracts by their acquiescence to them and their continued business transactions with Olsen after the 2008 and 2010 contracts were signed.

"Under the doctrine of ratification, a principal may later approve the actions of an agent who acted without authority." Kindered Nursing Ctrs. L.P. v. Leffew, 398 S.W.3d 463, 467-68 (Ky. Ct. App. 2013) (citation omitted). Ratification can occur in several ways. One of which is when the corporation, acquiesces to the agent's unauthorized actions and receives the benefits or advantages arising from his actions. American Convalescent Centers, Inc. v. Daniel, 514 S.W.2d 192, 194 (Ky. 1974). Furthermore, the Kentucky Court of Appeals has provided:

> [a]s the agent of the latter, even though without any precedent authority whatever, if the person in whose name the act was performed subsequently ratifies or adopts what has been so done, the ratification relates back and supplies **original authority** to do the act. In such cases, the principal, whether a corporation or an individual, is bound to the same extent as if the act had been done in the first instance by his previous authority; this is true whether the act is detrimental to the principal or to his advantage, whether it sounds in contract or tort, or whether the ratification is express or implied.

> Capurso v. Johnson, 248 S.W.2d 908, 910 (Ky. 1952).

In the present case, assuming as true the Plaintiff's allegation that Back was unauthorized to sign the contracts with Olsen, there is no question that ORS later ratified the contracts through their continued business dealings with Olsen and by ORS's benefit from the contracts. As a result, ORS is bound by the agreement "[a]s if the act had been done in the first instance by his

previous authority . . . ." Id.  Kentucky law provides a liability shield for employees who contract on behalf of their principal. The Kentucky Supreme Court recently stated that, in general, when an agent acting with actual or apparent authority makes a contract on behalf of a disclosed principal, (1) the principal and the third party are parties to the contract, and (2) the agent is not a party to the contract unless the agent and the third party agree otherwise. Ping v. Beverly Enterprises, Inc., 376 S.W.3d 581 (Ky. 2012).

Accordingly, Collin Back is not a party to the contracts and he is not bound by the forum selection clause in the 2008 and 2010 contracts. The Court does not have personal jurisdiction over Collin Back and he is dismissed from this action.

## IV.  CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the motion to dismiss for lack of personal jurisdiction [DN 1, Att. 36] is **GRANTED** with respect to Defendant Collin Back and **DENIED** as to Defendant Surgeons Preference.

cc: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

September 12, 2014