**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**CIVIL ACTION NO. 3:14CV-00272-JHM**

**OLSEN MEDICAL, LLC**                                                                                   **PLAINTIFF**

**V.**

**OR SPECIALISTS, INC. ET AL.**                                                                  **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a renewed motion by Defendant, Surgeons Preference, LLC, to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [DN 49]. Fully briefed, this matter is ripe for decision.

**I. BACKGROUND**

The current litigation stems from the terminated business relationship between OR Specialists ("ORS") and Olsen Medical, LLC ("Olsen"). ORS was a Maryland corporation that distributed medical devices and supplies to medical professionals, surgery centers, and hospitals. For approximately 11 years, ORS contractually agreed to sell and distribute Olsen products. Every contract between Olsen and ORS contained a forum selection clause in which the parties agreed that jurisdiction exists in the Kentucky courts. On May 19, 2012, ORS elected to terminate the contract with Olsen. The contract contains a three year non-compete provision which survived the termination of the agreement. In May 2012, Olsen filed this action in the Jefferson Circuit Court against ORS claiming a breach of the covenant not to compete. In July 2013, ORS ceased doing business.

In February 2013, Surgeons Preference was formed as a Maryland limited liability company. Surgeons Preference distributes medical devices and supplies to medical professionals,

1

surgery centers and hospitals in several states. Surgeons Preference has never distributed medical devices or supplies in Kentucky. It is owned by Erin Courtney and her husband, Mark Szczawinski. Erin Courtney is the daughter of Fred Back (hereinafter "Fred"), one of the former owners of ORS. Surgeons Preference, like ORS, distributes medical devices and supplies to medical professionals, surgery centers and hospitals. Surgeons Preference does not conduct business in Kentucky. Collin Back, Fred Back's son, works for Surgeons Preference but has no ownership interest in the company.

On February 11, 2014, Plaintiff amended its complaint to assert claims against Surgeons Preference and Collin Back. Plaintiff alleges that in an attempt to circumvent the competitive sales restrictions in contracts with Olsen and to avoid the effect of a judgment in favor of Olsen, Collin Back, his family and employees of ORS ceased doing business as ORS, and simultaneously, formed and began doing business as Surgeons Preference. Plaintiff maintains that Surgeons Preference is a mere continuation of co-defendant ORS. As such, Plaintiff claims that Surgeons Preference is bound not only by the non-compete clause, which allegedly has been violated, but, more importantly for purposes of this motion, it is bound by the forum selection clause contained in the contracts with ORS. With respect to Collin Back, Plaintiff claimed that he signed two contracts in his personal capacity and is personally liable and subject to the forum selection clause. Back and Surgeons Preference then moved to dismiss for lack of personal jurisdiction. On September 12, 2014, after the action had been removed from Jefferson Circuit Court to this Court, the Court granted the motion in part and dismissed Collin Back from the action. The Court declined to dismiss Surgeons Preference at that time, ordering limited discovery for the purpose of aiding the Court in determining whether personal jurisdiction under the forum selection clause between Plaintiff and ORS may be exercised over Surgeons

Preference as the mere continuation of ORS. After the completion of limited discovery, Surgeons Preference filed this renewed motion to dismiss for lack of personal jurisdiction.

## II.  STANDARD OF REVIEW

The party asserting personal jurisdiction has the burden of showing such jurisdiction exists. Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). Personal jurisdiction is, "[a]n essential element of the jurisdiction of a district . . . court" and without personal jurisdiction the court is "powerless to proceed to an adjudication." Employers Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937). A federal court applies a two-step inquiry to determine whether it may exercise personal jurisdiction over a non-resident defendant: "(1) whether the law of the state in which the district court sits authorizes jurisdiction, and (2) whether the exercise of jurisdiction comports with the Due Process Clause." Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006). The district court's exercise of jurisdiction over an out-of-state defendant must be consistent with both the forum state's long-arm statute and the constitutional requirements of due process. Id.

Plaintiff maintains that Surgeons Preference is the successor-in-interest to ORS and thereby can be deemed to have assumed the duties and liabilities under the contracts, as well as its jurisdictional contacts. If it is decided that Surgeons Preference is bound by the contractual agreements between Olsen and ORS as a successor in interest, this Court will have personal jurisdiction over the Defendant as a result of the forum selection clause located in the contracts. Where forum selection provisions have been obtained through freely negotiated agreements and are not unreasonable and unjust, their enforcement does not offend due process. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985). Furthermore, the contracts made with Olsen would clearly fall within the Kentucky long-arm statute enumerated in K.R.S. § 454.210(2)(a).

3

The contracts would be within the Kentucky Supreme Court's interpretation of the above cited statute. Caesars Riverboat Casino, LLC v. Beach, 336 S.W.3d 51 (Ky. 2011).

The court has three options for deciding a 12(b)(2) motion: (1) the court can decide the motion upon the affidavits alone; (2) the court can permit discovery to decide the motion; or (3) the court can conduct an evidentiary hearing to resolve any factual disputes. Serras v. First Tennessee Bank Nat. Ass'n, 875 F.2d 1212, 1214 (6th Cir. 1989) (quoting Marine Midland Bank, N.A. v. Miller, 664 F.2d 899, 904 (2nd Cir. 1981)). Although the plaintiff always bears the burden of establishing that jurisdiction exists, the method selected by the court to resolve the issue will affect the weight of the burden. Id. The parties dispute the standard of review in the present case in light of the Court's decision to permit limited discovery on whether Surgeons Preference is the mere continuation of ORS. Defendant maintains that because the Court allowed discovery on the motion, the Court should consider the facts offered by both parties and rule according to the preponderance of evidence. See, e.g., SFS Check, LLC v. First Bank of Delaware, 774 F.3d 351, 356 (6th Cir. 2014). In contrast, Plaintiff maintains that where a district court rules on a Rule 12(b)(2) motion to dismiss without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. See, e.g., Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir. 2012).

After a review of the case law, the Court finds that "simply permitting the parties to engage in discovery on the issue of personal jurisdiction, without holding an evidentiary hearing, and ultimately deciding the issue based on written submissions after discovery, does not necessarily increase plaintiff's burden to demonstrate jurisdiction by a preponderance of the evidence." August v. Manley Toys, Ltd., 68 F. Supp. 3d 722, 726 (E.D. Mich. 2014)(citing Conley v. MLT, Inc., 2012 WL 1893509, *2 n. 3 (E.D. Mich. May 23, 2012)). The Sixth Circuit

4

in Conn v. Zakharov discussed the Sixth Circuit's law related to the effect the manner of resolution of a Rule 12(b)(2) motion has on a plaintiff's burden of establishing that jurisdiction exists:

> The plaintiff bears the burden of establishing through "specific facts" that personal jurisdiction exists over the non-resident defendant, and the plaintiff must make this demonstration by a preponderance of the evidence. See Kroger Co. v. Malease Foods Corp., 437 F.3d 506, 510 & n. 3 (6th Cir. 2006); Theunissen v. Matthews, 935 F.2d 1454, 1458 (6th Cir. 1991). But where, as here, the defendant has moved to dismiss the case under Rule 12(b)(2) for lack of personal jurisdiction and the district court rules on the motion without an evidentiary hearing, the plaintiff need only make a "prima facie" case that the court has personal jurisdiction. Kroger, 437 F.3d at 510. In this procedural posture, we do not weigh the facts disputed by the parties but instead consider the pleadings in the light most favorable to the plaintiff, although we may consider the defendant's undisputed factual assertions. See Kerry Steel[,Inc. v. Paragon Industries, Inc.], 106 F.3d [147, 153 (6th Cir. 1997)]; CompuServe, Inc. v. Patterson, 89 F.3d 1257, 1261–62 (6th Cir. 1996). But also where, as here, "the plaintiff has received all of the discovery it sought with respect to personal jurisdiction and there does not appear to be any real dispute over the facts relating to jurisdiction," the prima facie "proposition loses some of its significance." [International Technologies Consultants, Inc. v.] Euroglas S.A., 107 F.3d [386, 391 (6th Cir. 1986)].

Conn v. Zakharov, 667 F.3d 705, 711 (6th Cir. 2012). See also Lexon Ins. Co. v. Devinshire Land Development, LLC, 573 Fed. Appx. 427, 429 (6th Cir. 2014). Thus, even if there has been discovery, in the absence of an evidentiary hearing, a court will generally apply a prima facie standard weighing the evidence in the light most favorable to the plaintiffs. Dean v. Motel 6 Operating L.P., 134 F.3d 1269, 1272 (6th Cir.1998); Rosenberg v. ABF Freight System, Inc., 2014 WL 897906, *2 (S.D. Ohio. 2014); Shea v. Bonutti Research, Inc., 2011 WL 53473, *2 (S.D. Ohio Jan. 7, 2011).[1]

---

[1] However, the Sixth Circuit noted in Dean that where the plaintiff has received all of the discovery it sought with respect to personal jurisdiction **and** there does not appear to be any real dispute over the facts relating to jurisdiction, "the plaintiffs face the same burden as they would if there had been an evidentiary hearing: proof of jurisdiction by a preponderance of the evidence." Dean, 134 F.3d 1269, 1272 (6th Cir. 1998). As discussed more fully below, real

### III. DISCUSSION

Defendant Surgeons Preference moves the Court to dismiss the Plaintiff's claim for lack of personal jurisdiction. Olsen alleges that Surgeons Preference is a successor-in-interest of ORS and, as a result, is bound by the contractual forum selection clause which grants this Court personal jurisdiction. Thus, the question before the Court is whether Olsen has satisfied its prima facie burden of proving that Surgeons Preference is the successor-in-interest to ORS. Contrary to Defendant's argument, "[t]o apply the successor theory of personal jurisdiction in a diversity action, courts look to the forum state's rules of successor liability." Opportunity Fund, LLC v. Epitome Systems, Inc., 912 F. Supp. 2d 531, 541 (S.D. Ohio 2012)(citing Estate of Thomson v. Toyota Motor Corp. Worldwide, 545 F.3d 357, 362 (6th Cir. 2008)).

"It is generally accepted in Kentucky that a corporation which purchases another corporation does not assume the payment of any debts or liabilities of the corporation which it has purchased." Pearson v. National Feeding Systems, Inc., 90 S.W.3d 46, 49 (Ky. 2002) (citing American Railway Express Co. v. Commonwealth, 228 S.W. 433, 441 (1920)); Parker v. Henry A. Petter Supply Co., 165 S.W.3d 474, 478 (Ky. Ct. App. 2005). Pursuant to this general rule, Surgeons Preference contends that, as an entity that merely purchased some of ORS's inventory, acquired some furniture, and hired some of the former employees of ORS, it cannot be deemed a successor-in-interest and subject to personal jurisdiction in this forum. However, Kentucky recognizes four exceptions to the general prohibition against successor liability: "(1) where the purchaser expressly or impliedly agrees to assume such debts or other liabilities; (2) where the transaction amounts to a consolidation or merger of the seller and purchaser; (3) where the purchasing corporation is merely a continuation of the selling corporation; or (4) where the

---

disputes over the facts relating to jurisdiction exist in the present case, and therefore, the exception to the general rule does not apply.

transaction is entered into fraudulently in order to escape liability for such debts." Pearson, 90 S.W.3d at 49; Conn v. Fales Div. of Mathewson Corp., 835 F.2d 145, 147 (6th Cir. 1987). Olson maintains that at least two exceptions apply in the instant case: Surgeons Preference is the mere continuation of ORS and was created to escape liability for the debt owed by ORS to Olsen.

### A. Mere Continuation

Olsen asserts that the mere continuation exception applies to the present case. Thus, if the new corporation is in major respects merely a continuation of the debtor (i.e., same company under a "new hat"), the new corporation will be responsible for the debts of its predecessor under the theory of successor liability. As discussed above, application of the mere continuation exception would also subject Surgeons Preference to the forum selection clause located in the Olsen/ORS contract and create personal jurisdiction over Surgeons Preference. In determining whether the "mere continuation" exception applies, courts evaluate several elements:

> (1) continuity of shareholders and ownership, management, personnel, physical location, and business operations, (2) whether sufficient consideration was given, particularly whether stock was given in exchange, (3) whether the predecessor ceased business operations and was dissolved shortly after the new company was formed, (4) whether the successor company paid any outstanding debts on behalf of the previous company in order to continue business without interruption, (5) the buyer's intent or purpose when the new company was formed, and (6) whether the successor held itself out to the public as a continuation of the previous company.

Dixstar v. Gentec Equip., 2004 WL 3362501, *4 (W.D. Ky. Feb. 11, 2004)(collecting cases; footnotes and citations omitted). See also Ogle v. U.S. Shelter Corp., 1996 WL 380707, *5 (E.D. Ky. Apr. 25, 1996). The Court balances all of these factors, and each factor need not be present for the mere continuation exception to apply.

Viewing the evidence in the light most favorable to the Plaintiff, the Court finds that Plaintiff has satisfied its prima facie burden of proving personal jurisdiction over Surgeons

Preference. Surgeons Preference was organized during the course of litigation against ORS and was formed immediately before ORS ceased business operations. Surgeons Preference has no bylaws, operating agreements, shareholder agreements, or other corporate documents. The sole member of Surgeons Preference is the daughter of the co-owner of ORS who admitted that she is merely the name behind the company. The purported President of Surgeons Preference is her husband, Mark Schiavinski, who testified during his deposition that he was a co-owner of the business, but tendered no evidence to support his ownership interest in the company.[2] Surgeon Preference employs many of the same employees as ORS. In fact, within a span of two weeks, ORS office personnel, Stacie Shearer and Sandy Lipsey, were transferred to Surgeons Preference, doing the same jobs they did while at ORS. Additionally, Plaintiff submitted a Surgeons Preference Organizational Chart created on June 30, 2013, which lists several ORS employees as its own, before those staff had been made aware of ORS's intention to close.

Surgeons Preference operates in the same geographic territory, serves the same customers as ORS, and sells the same products. Surgeons Preference's internal customer database was built using at least some of the information from ORS. Surgeon Preference's initial financial records were created and maintained using ORS equipment and software. Between April 2013 and July 2013, Collin Back deposited commissions earned from his sales from ORS into a Surgeons Preference bank account to help capitalize the new company without disclosing this information to his sister or brother-in-law. Further, Surgeons Preference via Collin Back sold inventory owned by ORS and deposited the funds paid for those products in Surgeons Preference bank

---

[2] Admittedly, the ownership of ORS and Surgeons Preference differs. ORS had two owners – Fred Back and Jan McGlumphy. Erin Courtney, the daughter of Fred Back, is the sole member of Surgeons Preference. "While a key factor in showing mere continuation is similarity of management and ownership, the analysis does not end there. If it did, then the exception would effectively swallow the rule. A court must consider the broader circumstances surrounding the transfer of assets to evaluate whether the mere continuation exception applies." Dixstar, 2004 WL 3362501, * 5.

account from April until July of 2013. The record reflects that only when confronted by the other co-owner of ORS and his attorney did Surgeons Preference compensate ORS for the inventory. Dixstar, 2004 WL 3362501, *5 (The transfer of assets to a new company that is not conducted at arm's length or not for adequate consideration supports a finding of mere continuation.). Plaintiff also submits evidence suggesting that four months before Back joined Surgeons Preference, he notified at least one of ORS's vendors that the vendor's new supplier for the region would be Surgeons Preference. Additionally, in July of 2013, Collin wrote to another vendor indicating that as of July 1, 2013, ORS was going out of business, "but my new company Surgeons' Preference is going to continue in the same distribution direction" and he hoped they "could continue to do business with" the vendor. Accordingly, these facts when viewed in the light most favorable to Plaintiff satisfy Plaintiff's prima facie burden of proving personal jurisdiction over Surgeons Preference.[3]

### B. Factual Disputes

While the Court has the discretion to "conduct an evidentiary hearing to resolve any factual disputes" when deciding a Rule 12(b)(2) motion, Serras v. First Tennessee Bank Nat. Assn., 875 F.2d 1212, 1214 (6th Cir. 1989), the Court elects to rule on the present motion based on the parties' submissions, reserving all factual determinations on the issue personal jurisdiction for trial. In the present case, the depositions and affidavits submitted by the parties present factual disputes central to resolving not only whether this Court has personal jurisdiction over Surgeons Preference, but also whether Surgeons Preference could be held liable for breach of the Olsen/ORS contracts as a successor-in-interest. The Sixth Circuit has cautioned that

---

[3] Having concluded that Plaintiff satisfied its prima facie burden of proving personal jurisdiction over Surgeons Preference, the Court need not address the fourth exception at this stage of the litigation.

"[p]articularly where the disputed jurisdictional facts are intimately intertwined with the parties' dispute on the merits, a trial court should not require plaintiffs to mount proof which would, in effect, establish the validity of their claims and their right to the relief sought." Serras, 875 F.2d at 1215 (internal quotation omitted). In fact, potential problems could arise when a court resolves jurisdictional facts that are common to both the jurisdictional question and the claims on the merits. Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 677 (1st Cir. 1992). "Although the preponderance of the evidence standard allows the court to resolve the issue of personal jurisdiction definitively, 'troubling issues may later be presented, in the same or another forum, as to whether doctrines of either 'issue preclusion' or 'law of the case' preclude a party from asserting at trial – and before a jury if one has been demanded -- contentions of fact contrary to what the district court found at the pretrial hearing.'" Hilsinger Co. v. FBW Investments, 2015 WL 3764604, *5 (D. Mass. June 17, 2015)(quoting Boit v. Gar-Tec Products, Inc., 967 F.2d 671, 677 (1st Cir. 1992)). Accordingly, after a further review of the record, the factual disputes related to the issue of whether Surgeons Preference is a success-in-interest to ORS is best resolved at trial.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the renewed motion to dismiss for lack of personal jurisdiction [DN 49] is **DENIED.**

cc: counsel of record

Joseph H. McKinley, Jr., Chief Judge
United States District Court

October 6, 2015